UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD FREELAND and
CHRISTINE FREELAND,

   Plaintiffs,

and

DEAN HEALTH PLAN, INC,

   Subrogated Party,

vs.

WAL-MART STORES EAST, LP,

   Defendant.

Case No. 10-CV-111

Dane County Case No. 09-CV-6035

---

**NOTICE OF REMOVAL**

---

TO: RICHARD FREELAND
   CHRISTINE FREELAND
   c/o Douglas Phebus, Esq.
   Lawton & Cates, S.C.
   10 East Doty Street, Suite 400
   P.O. Box 2965
   Madison, Wisconsin 53701

   DEAN HEALTH PLAN, INC.
   c/o Dean Sutton, Esq.
   1277 Deming Way
   Madison  WI  53717-1971

   DANE COUNTY CLERK OF COURT
   Dane County Courthouse
   210 Martin Luther King Jr. Boulevard
   Madison  WI  53703-3340

## BACKGROUND

YOU ARE HEREBY NOTIFIED pursuant to 28 U.S.C. § 1446(a) that Wal-Mart Stores, Inc. (improperly named as Wal-Mart Stores East, LP) has removed this case from the Circuit Court of Dane County of Wisconsin to the United States District Court for the Western District of Wisconsin. The grounds for removal are as follows:

1. A civil action was commenced and is now pending in the Circuit Court for Dane County, as Case No. 09-CV-6035, in which Richard Freeland and Christine Freeland are the plaintiffs and Wal-Mart Stores, Inc. (incorrectly named as Wal-Mart Stores East, LP) ("Wal-Mart") is the defendant. The complaint also lists Dean Health Plan, Inc. as a Subrogated Party. Because the subrogated party's interest is aligned with the plaintiffs' interests, the subrogated party is an involuntary plaintiff for purposes of determining jurisdiction.

2. This action is one over which this court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this court by the defendants in accordance with 29 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00). This is an action between citizens of different states, including citizens or subjects of a foreign state.

3. The alleged facts relevant to the citizenship of the parties are as follows:

    A. Richard Freeland, is, and at the time the action was filed was domiciled in the State of Wisconsin. As such, Richard Freeland is a citizen of the State of Wisconsin for the purposes of diversity pursuant to 28 U.S.C. § 1332.

    B. Christine Freeland, is, and at the time the action was filed was domiciled in the State of Wisconsin. As such, Christine Freeland is a citizen of the State of Wisconsin for the purposes of diversity pursuant to 28 U.S.C. § 1332.

C.  The improperly named defendant, Wal-Mart Stores East, LP is, and at the time this action was filed was, a limited partnership duly organized under the laws of the state of Delaware with its principal place of business located in Bentonville, Arkansas, with its limited partners consisting of WSE Management LLC and WSE Investment LLC, both limited liability companies duly organized and existing under the laws of the state of Delaware and their principal places of business located in Bentonville, Arkansas.  As such, all three entities are citizens of the State of Delaware for purposes of diversity pursuant to 28 U.S.C. §1332.

D.  The true defendant, Wal-Mart Stores, Inc. is a corporation duly organized under the laws of the state of Delaware, with its principal place of business located in Bentonville, Arkansas. As such, Wal-Mart Stores, Inc. is a citizen of the State of Delaware for the purposes of diversity pursuant to 28 U.S.C. § 1332.

E.  Upon information and belief, Dean Health Plan, Inc., is aligned with the plaintiff as a subrogated party and is a corporation organized under the laws of the State of Wisconsin with its principal place of business located in Madison, Wisconsin. As such, Dean Health Plan, Inc., is a citizen of the State of Wisconsin for diversity purposes under 28 U.S.C. § 1332.

F.  Because the true defendant Wal-Mart Stores, Inc. ("Wal-Mart") is not a citizen of the State of Wisconsin, the state of the plaintiffs' citizenship, there is complete diversity of citizenship between the parties of this action as required by 28 U.S.C. § 1332.

3

4. Wal-Mart first received notice of the initial pleading in this action on December 10, 2009, the date they were formally served with the Summons and Complaint filed in this action.

5. The facts relevant to the amount in controversy are not plainly set forth in the complaint in the state court action.

6. The facts relevant to the amount in controversy are set out in the plaintiffs' settlement demand letter dated February 4, 2010, wherein the plaintiffs allege that Richard Freeland: fractured the greater tubercle and dislocated his right shoulder; had surgery on June 4, 2008 to repair the fracture and his torn rotator cuff; underwent a surgery to attempt a transposition of the radial nerve branch to the axillary nerve; underwent physical therapy, tens unit therapy, and pharmacologic therapies; that Richard Freeland incurred $71,697.71 in medical expenses to date; that Richard Freeland will allegedly incur $328,736.00 in prescription costs over the course of his life expectancy; and set forth a settlement demand in the amount of $800,000.00. The sum of these damages is well in excess of the amount in controversy requirement of 28 U.S.C. § 1332.

7. A true and correct copy of this Notice will be filed with the Clerk of the Circuit Court for Dane County, Wisconsin, as provided by law.

8. Attached hereto are copies of all the state court pleadings filed in this action and the February 4, 2010 settlement demand letter that has been served to date upon Wal-Mart.

## ANALYSIS

The court has diversity jurisdiction over this complaint. As noted above, the plaintiffs are citizens of different states than the defendant, Wal-Mart. The remaining party has been named solely due to its subrogated interests in the plaintiffs' claims and the plaintiff does not assert any claim against them. Under these circumstances, the court is to realign this party as a plaintiff.

*See Lampe v. Genuine Parts Company*, 463 F. Supp.2d 928, 933-34 (E.D. Wis. 2006); *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981) ("Realignment is proper when the court finds that no actual, substantial controversy exists between parties on one side of the dispute and their named opponents."); *Harvey v. Mariott Corp.*, 680 F. Supp. 1289, 1290(E.D. Wis. 1988)(citizenship of plaintiff's insurer named solely as defendant to protect subrogated interest in plaintiff's action did not defeat diversity jurisdiction).

Here, because the plaintiffs are Wisconsin citizens and the defendant is a citizen of the State of Delaware, complete diversity exists. Because complete diversity exists and the amount in controversy exceeds $75,000.00, this court has diversity jurisdiction under 28 U.S.C. § 1332.

Dated at Milwaukee, Wisconsin, this 4th day of March, 2010.

/s/ Jean-Marie Feedham
JEAN-MARIE FEEDHAM
State Bar No. 1017942
DAVID B. CARR
State Bar No. 1057776
GONZALEZ SAGGIO & HARLAN LLP
225 E. Michigan Street, 4th Floor
Milwaukee, WI 53202
Phone: (414) 277-8500
Fax:    (414) 277-8521
E-Mail: jean-marie_feedham@gshllp.com

*Attorneys for defendant Wal-Mart*