SHELLEY J. GAYLORD
CIRCUIT COURT, BR 6

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|

RICHARD A FREELAND
CHRISTINE FREELAND
Husband and Wife
937 Highway N
Stoughton, WI 53589

09CV6035

Plaintiffs,

( ) Personal    ( ) Substitue
( ) Posted      (X) Corporate

Case No._____
Case Code: 30107
Personal Injury - Other

and

DEAN HEALTH PLAN, INC.
c/o Dean Sutton
1277 Deming Way
Madison, WI 53717

Process Server: Bruce Lowrie
Time: 11:05 am  Date: 12/10/09
Address of serve: 8040 Excelsior Drive
Suite 200, Madison, WI 53717
Person Served: _____

Subrogated Party,

v.

WAL-MART STORES EAST, LP
c/o CT Corporation System, Inc.,
Registered Agent
8040 Excelsior Drive, Suite 200
Madison, WI 53717

THIS IS AN AUTHENTICATED COPY OF THE
ORIGINAL DOCUMENT FILED WITH THE DANE
COUNTY CLERK OF CIRCUIT COURT.

CARLO ESQUEDA
CLERK OF CIRCUIT COURT

Defendant.

## SUMMONS

THE STATE OF WISCONSIN

To each person named above as a defendant:

You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the action.

Within forty-five (45) days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The Court

1

may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is Dane County Clerk of Courts, 215 South Hamilton Street, Room 1000, Madison, WI 53703-3285 and plaintiffs' attorney, Douglas J. Phebus, whose address is, Lawton & Cates, S.C., 10 E. Doty Street, P.O. Box 2965, Madison, Wisconsin, 53701-2965. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

If you require the assistance of auxiliary aids or services because of a disability, call 266-4678 (TTD 266-9138) and ask for the Court ADA Coordinator.

Dated this 30th day of November, 2009.

LAWTON & CATES, S.C.

Attorney Douglas J. Phebus
State Bar No. 1029524

10 East Doty Street, Suite 400
P.O. Box 2965
Madison, WI 53701-2965
(608) 282-6200
(608) 282-6252          (facsimile)

2

STATE OF WISCONSIN     CIRCUIT COURT     DANE COUNTY

---

RICHARD A FREELAND
CHRISTINE FREELAND
Husband and Wife
937 Highway N
Stoughton, WI 53589

    Plaintiffs,
and

DEAN HEALTH PLAN, INC.
c/o Dean Sutton
1277 Deming Way
Madison, WI 53717

    Subrogated Party,

v.

WAL-MART STORES EAST, LP
c/o CT Corporation System, Inc.,
Registered Agent
8040 Excelsior Drive, Suite 200
Madison, WI 53717

    Defendant.

THIS IS AN AUTHENTICATED COPY OF THE
ORIGINAL DOCUMENT FILED WITH THE DANE
COUNTY CLERK OF CIRCUIT COURT.

CARLO ESQUEDA
CLERK OF CIRCUIT COURT

( ) Personal    ( ) Substitute
( ) Posted    ( ) Corporate

Case No. 09CV6035
Case Code: 30107
Personal Injury - Other

Process Server:_____
Time:_____ Date:_____
Address of serve:_____

Person Served:_____

---

## COMPLAINT

The plaintiffs, Richard Freeland and Christine Freeland, through their attorneys, Lawton & Cates, S.C., by James A. Olson and Douglas J. Phebus, for a cause of action against the Defendant named above, alleges as follows:

### PARTIES

1. Plaintiffs Richard A. Freeland and Christine Freeland are husband and wife who are both adult residents of Dane County who reside at 937 County Highway N, Stoughton, WI 54589.

2. Subrogated party Dean Health Plan may have a subrogation claim as to this matter because it has paid benefits on behalf of plaintiff and may have a right to subrogation to the extent of such payments. Dean Health Plan is joined as a subrogated party pursuant to Wis. Stats. Sections 803.03(2).

3. Defendant Wal-Mart Stores East, LP is a foreign corporation with its principal office located at 702 S.W. 8th Street, #0555, Bentonville, AR 72716-0555. Defendant Wal-Mart Stores East, LP is the corporation, which operates and insures a retail business located at 1800 Highway 51 in Stoughton, Wisconsin. Its registered agent for service of process in the State of Wisconsin is C.T. Corporation System, 8040 Excelsior Drive, Suite 200, Madison, Wisconsin 53717.

4. On or about May 20, 2008, Plaintiff Richard Freeland went shopping at the Wal-Mart store in Stoughton, Wisconsin.

5. While in the store he used the men's restroom. As he approached the sink to wash his hands, he fell upon water that was on the bathroom floor.

6. He sustained an injury to his right shoulder, which required surgery. As a result of the injury he has permanent disability to his right shoulder and arm, permanent neurological injury to the shoulder and arm, and permanent pain in the shoulder and arm.

7. Defendant Wal-Mart had notice that both the urinal and the sink in the men's bathroom had been broken and leaking for years. Wal-Mart had been avoiding repairing the bathroom because it believed that it would be moving to a new SuperCenter location in Stoughton.

8. Richard Freeland reported his fall and injury on the day he was injured.

9. Shortly after the injury to Mr. Freeland, Wal-Mart closed the men's restroom due to standing water. Wal-Mart then repaired the men's restroom to correct the leaking and problems with the urinal and sink.

10. Wal-Mart knew that employees had fallen in the men's restroom prior to Richard Freeland's fall.

## FIRST CLAIM OF RICHARD FREELAND AGAINST WAL-MART
## NEGLIGENCE

11. Plaintiff re-alleges and incorporates by reference Paragraphs 1 – 10 of the Complaint as if set forth fully herein.

12. Defendant Wal-Mart's employees were negligent in, but not limited to, the following ways:

    a. Failing to repair the leaking urinal and sink in the men's restroom;

    b. Failing to inspect the men's restroom even though it knew there was a problem with the urinal and sink;

    c. Failing to warn Richard Freeland of the water problem in the bathroom.

13. The negligence of Wal-Mart's employees as detailed above was a substantial factor in causing Plaintiff Richard Freeland to sustain and incur past and future injuries, disfigurement, medical expenses, pain, suffering, disability, emotional trauma, loss of enjoyment of life, and other damages.

14. Wal-Mart is vicariously liable for the negligent acts and omissions of its employees under the doctrine of *respondeat superior*.

## SECOND CLAIM OF RICHARD FREELAND AGAINST WAL-MART
## VIOLATION OF THE SAFE PLACE ACT

15. Plaintiff re-alleges and incorporates by reference Paragraphs 1 – 14 of the Complaint as if set forth fully herein.

16. At all times material hereto, Defendant Wal-Mart owned a public premise within the meaning of Wis. Stats § 101.11. It was the Defendant's duty, pursuant to Wis. Stats. §101.11, to maintain its premises so as to render it safe for frequenters thereof.

17. At all times material hereto, Defendant Wal-Mart's premises were in a defective and unsafe condition, in violation of Wis. Stat. § 101.11 in, but not limited to the following:

    a) Defendant Wal-Mart failed to maintain its premises in a safe condition;

    b) Defendant Wal-Mart failed to repair the leaking urinal and sink in the men's restroom;

    c) Defendant Wal-Mart failed to inspect the men's restroom despite knowledge of the water leaking problem; and

    d) Defendant Wal-Mart failed to warn Richard Freeland of the water problem in the men's restroom.

18. Defendant Wal-Mart knew or should have known of such danger and had ample opportunity to remedy the dangerous condition.

19. The injury and suffering of Plaintiff Richard Freeland was caused by Defendant Wal-Mart's failure to maintain its premises so that they would be reasonably safe for frequenters, in violation of Wis. Stat. §101.11.

20. The violation of the Safe Place Act was a substantial factor in causing Plaintiff Richard Freeland to sustain and incur past and future injuries, disfigurement, medical expenses, pain, suffering, disability, emotional trauma, loss of enjoyment of life, and other damages.

## THIRD CAUSE OF ACTION:
## PLAINTIFF CHRISTINE FREELAND'S CLAIM FOR LOSS OF CONSORTIUM

21. Plaintiffs hereby reallege and incorporate paragraphs 1 - 20 of the complaint as if set forth fully herein.

22. As a direct, natural and proximate result of said negligence and violation of the Safe Place Act and the accident resulting therefrom, Plaintiff Christine Freeland suffered the loss of consortium of her husband, Richard Freeland.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Richard Freeland and Christine Freeland demand judgment against the Defendant Wal-Mart Stores East, LP as follows:

A. For compensatory damages, including medical expenses and out-of-pocket expenses;

B. For compensatory damages for pain, suffering and disability;

C. For loss of consortium;

D. For all costs and attorneys fees in bringing this action; and

E. For such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff further demands a jury of six (6) persons to resolve all factual issues in this matter.

Dated: 11/30/09

LAWTON & CATES, S.C.
Attorneys for Plaintiff

Douglas J. Phebus, SBN: 1029524
James A. Olson, SBN:
10 E. Doty St., #400
P. O. Box 2965
Madison, WI 53701-2965
(608) 282-6200
(608) 282-6252 facsimile