UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICHARD FREELAND and
CHRISTINE FREELAND,

   Plaintiffs,         Case No. 10-CV-111

and               (Magistrate Judge Stephen K. Crocker)

DEAN HEALTH PLAN, INC.,

   Subrogated Party,

vs.

WAL-MART STORES EAST, LP,

   Defendant,

## PLAINTIFFS' MOTION FOR REMAND

  COME NOW the above named Plaintiffs by their undersigned attorneys and move the Court for an Order remanding this matter Pursuant to 28 U.S.C. §1447(c). As grounds for this Motion Plaintiffs state as follows:

  1. Defendant removed this matter alleging that 28 U.S.C. §1332 applies in that Plaintiffs' claims are subject to Diversity Jurisdiction.

  2. Defendant asserts that it first learned that Plaintiffs' claims met the "amount in controversy" requirement of $75,000 when it received a demand letter from the Plaintiffs.

  3. Defendant concedes in its brief that it was served with the Complaint in this matter on December 10, 2009. Defendant failed to file its notice of removal until March 4, 2010, which is outside the thirty days it is permitted within which to file its notice of removal.

4. The complaint in this matter includes allegations in paragraph number 6, which refer to Mr. Freeland's damages as follows, "He sustained an injury to his right shoulder, which required surgery. As a result of the injury he has permanent disability to his right shoulder and arm, permanent neurological injury to the shoulder and arm, and permanent pain in the shoulder and arm."

5. In the prayer for relief Plaintiffs requested:

"A. For compensatory damages, including medical expenses and out-of-pocket expenses;

B. For compensatory damages for pain, suffering and disability;

C. For loss of consortium;

D. For all costs and attorneys fees in bringing this action; and

E. For such other and further relief as the Court deems just and equitable."

6. Wisconsin law prohibits the plaintiff from specifying the amount of money that is sought in a tort case pursuant to Section 802.02 of the Wisconsin Statutes.

7. It is without question that any person reading the allegation of damages, including the cost of surgery, would conclude that more than $75,000 was in controversy.

8. In [Fate v. Buckeye State Mut. Ins. Co., 174 F. Supp. 2d 876 (N.D. Ind. 2001)](#) the District Court ruled that in a case where the state law prevented pleading a specific amount, the defendant in that case had sufficient notice of the amount in controversy and remanded based on the untimely notice of removal.

9. In [Campbell v. Bayou Steel Corp., 338 F. Supp. 2d 896 (N.D. Ill. 2004)](#) the District Court remanded the case based on untimely removal. The plaintiff had asserted injuries similar to those alleged by Mr. Freeland and the Court held that those allegations were sufficient

to put the defendant on notice of the jurisdictional amount.  Any other interpretation would mean that no tort claim was removable unless the plaintiff pled a specific amount of special damages in excess of $75,000. For instance, Wal-Mart could argue that it did not know that $75,000 was in controversy in a wrongful death claim because no amount could be demanded in the complaint pursuant to Wisconsin law.

WHEREFORE Plaintiffs pray that this Court enter an Order pursuant to 28 U.S.C. §1447(c) remanding this matter back to the Dane County Circuit Court, along with an Order requiring that Defendants pay all costs and actual expenses, including attorneys fees, incurred as a result of the removal.

/s/
Douglas J. Phebus
State Bar No.  1029524
LAWTON & CATES, S.C.
10 E. Doty Street, Suite 400
P.O. Box 2965
Madison, WI  53701-2965
PH:    (608) 282-6200
FAX:  (608) 282-6252
Email:  dphebus@lawtoncates.com

*Attorneys for Plaintiff, Richard Freeland*