IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

RICHARD A. FREELAND and
CHRISTINE FREELAND,
                              Plaintiffs,                    OPINION AND ORDER

and                                                          10-cv-111-slc

DEAN HEALTH PLAN, INC.,

                              Subrogated Party,

        v.

WAL-MART STORES EAST, LP,

                              Defendant.
_____

        Plaintiff Richard Freeland this personal injury lawsuit in the Circuit Court for Dane
County on November 30, 2009, seeking money damages for injuries he claims to have suffered
when he slipped and fell in a Wal-Mart Store in Stoughton, Wisconsin.  On March 4, 2010,
defendant removed this case to federal court pursuant to 28 U.S.C. § 1441, asserting diversity
of the parties under 28 U.S.C. § 1332(a).  Now before the court is plaintiffs' motion to remand
on the ground that removal was untimely.  Because I conclude that a commonsense reading of
the complaint would have led a reasonable lawyer to conclude that the case was removable at
the time it was filed, the notice of removal is untimely.  Accordingly, this case will be remanded
to the Circuit Court for Dane County.


                                    BACKGROUND

        Plaintiffs Richard A Freeland and Christine Freeland are husband and wife and adult
residents and citizens of Wisconsin.  Dean Health Plan, Inc., is a corporation organized under
the laws of the State of Wisconsin with its principal place of business located in Madison,
Wisconsin.

        Defendant Wal-Mart Stores East, LP, is a limited partnership organized under the laws
of the state of Delaware with its principal place of business located in Bentonville, Arkansas.

Defendant's limited partners, WSE Management LLC and WSE Investment LLC, are limited liabilities companies organized and existing under the laws of the state of Delaware and their principal place is in Bentonville, Arkansas.  All three entities are citizens of the State of Delaware for diversity purposes under 28 U.S.C. § 1332.[1]

Plaintiffs allege that on or about May 20, 2008, while in the men's restroom at the Wal-Mart Store in Stoughton, Richard Freeland slipped on water that was on the floor, causing him to fall.  According to the complaint, Richard Freeland "sustained an injury to his right shoulder, which required surgery," and which left him with "permanent disability to his right shoulder and arm, permanent neurological injury to the shoulder and arm, and permanent pain in the shoulder and arm."  Complaint, dkt. 1, exh. 2, at ¶6.  Plaintiffs stated that they were seeking compensatory damages for Richard Freeland for medical and out-of-pocket expenses, pain and suffering.  Plaintiff Christine Freeland also asserted a loss of consortium claim.  Consistent with Wis. Stat. § 802.02(1m)(a), plaintiffs did not specify in their complaint the amount of damages they were seeking.

The summons and complaint were served on defendant on December 10, 2009.  Defendant answered on January 7, 2010.  On February 4, 2010, at defendant's request, plaintiffs submitted a settlement demand letter to defendant, outlining Richard Freeland's injuries and medical expenses in greater detail and demanding a settlement of $800,000.  Defendant filed the notice of removal on March 4, 2010, asserting diversity jurisdiction under 28 U.S.C. § 1332.

---

[1]     In its notice of removal, defendant Wal-Mart states that the proper name of defendant is Wal-Mart Stores, Inc.  Wal-Mart Stores, Inc. is a corporation organized under the laws of the state of Delaware, with its principal place of business located in Bentonville, Arkansas.  Plaintiffs have recently filed an amended complaint naming Wal-Mart Stores, Inc. as a defendant.

OPINION

Plaintiffs do not challenge defendant's assertion that this case meets the requirements for federal diversity jurisdiction but contend that defendant's removal notice was untimely. Generally, in order to remove an action from state to federal court, a defendant must file a notice of removal within 30 days after service of the complaint.  28 U.S.C. § 1446(b).  However, an exception to this rule exists if the defendant cannot determine from the initial pleading whether the case is removable.  In that instance, a notice of removal is timely if filed within 30 days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," provided the removal is filed within 1 year after commencement of a diversity case.  *Id*.

As the party seeking removal, defendant bears the burden of establishing that this case should remain in federal court.  *Tylka v. Gerber Products Co.*, 211 F.3d 445, 448 (7th Cir. 2000). Because the court presumes that plaintiffs may choose their own forum, district courts construe the removal statute narrowly and resolve any doubts regarding subject matter jurisdiction in favor of remand.  *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *People of the State of Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir. 1982).

Defendant filed its notice of removal more than 30 days after service of the complaint but less than 30 days after receiving plaintiffs' six-figure settlement demand.  Defendant contends that it did not determine–and could not have determined–that plaintiff's lawsuit met the $75,000 damages threshold for diversity jurisdiction until receiving plaintiffs' demand letter.

Plaintiffs do not deny that their settlement demand letter may constitute "other paper" under § 1446(b), *see*, *e.g.*, *Willyard v. Wal-Mart Stores, Inc.*, 2009 WL 3816820, *3 (S.D. Ill. 2009) (plaintiffs' post-complaint settlement demand letter constituted "other paper" under § 1446(b) that made removal timely), but they dispute that defendant could not have known

3

the case was removable until it received the letter.  In plaintiffs' view, "[i]t is without question that any person reading the allegation of damages [in the complaint], including the cost of surgery, would conclude that more than $75,000 was in controversy."

Defendant takes a different view, asserting that the complaint included only a "subdued and undetailed description" of plaintiffs' injuries from which it was impossible to conclude with any certainty that the jurisdictional threshold had been met.  Defendant asserts that it opted to proceed cautiously and seek more information from plaintiffs about their damages rather than risk an improvident early removal.  Although this court appreciates defendant's prudence, erring on the side of caution doesn't constitute a good faith defense to a remand motion.

The Court of Appeals for the Seventh Circuit has not ruled whether an initial pleading triggers § 1446(b)'s 30-day countdown if the pleading does not contain a specific allegation of damages in excess of the jurisdictional minimum.  The court has said, however, that when the plaintiff provides little information about the value of her claims, "a good-faith estimate [by the removing defendant] of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence."  *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).  Within this circuit, district courts disagree about the level of specificity that must exist in a complaint before the defendant's 30-day period will begin running.

Having reviewed the cases, I agree with Judge Crabb and other courts that have held that the 30-day period starts when removal is ascertainable from a reasonable and commonsense reading of the complaint or when the initial pleading contains conspicuous clues that removal under diversity jurisdiction is a likely possibility.  *E.g., Vanderwerff v. Planet Eclipse, Ltd.*, W.D. Wis. Case No. 08-cv-358-bbc, Opin. and Order, Oct. 28, 2008, dkt. 26, at 4; *Ursch v. Detailers & More, Inc.*, 2009 WL 3678254, *2 (S.D. Ill. 2009); *McCoy by Webb v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002); *Kuhn v. Brunswick Corp.*, 871 F. Supp. 1444, 1446 (N.D. Ga. 1994).

4

In this case, a reasonable and commonsensical reader could ascertain from plaintiffs' complaint that they were seeking more than $75,000 in damages. True, in compliance with state law plaintiffs did not specify the amount of damages they sought and the act complained of was a slip-and-fall in a bathroom, not a bus plunge into a ravine or a gas leak explosion. But plaintiffs further alleged that Richard Freeland had suffered personal injuries as a result of a slip and fall, his injuries had required surgery, he had neurological damage in his arm and he was permanently disabled from the injury.

A personal injury suit alleging injuries severe enough to require surgery as well as permanent injuries and pain and suffering, made it reasonable to infer that plaintiff would be seeking more than $75,000 in damages. *E.g., Chase v. Shop' N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-29 (7th Cir. 1997) (amount in controversy for diversity purposes satisfied where plaintiff's medical expenses amounted to $4,400 and plaintiff sought damages for "future medical treatment and disability care, future pain and suffering, future mental anguish, loss of past wages and impairment of future earning capacity"); *Reynolds v. Schucks Markets, Inc.*, 2009 WL 2259392, *2 (S.D. Ill. 2009) (complaint alleging that plaintiff had incurred substantial medical bills, including expense of surgery, and would incur further medical expenses in future, together with past and future pain, discomfort, and loss of enjoyment of life, sufficient to alert removing parties that amount in controversy exceeded jurisdictional minimum); *McCoy v. General Motors Corp.*, 226 F. Supp.2d 939, 941 (N.D. Ill. 2002) (jurisdictional amount satisfied where plaintiffs alleged "severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement and paralysis").

As already noted, other courts have gone the other way. *See, e.g., Willyard*, 2009 WL 3816820, *3 (S.D. Ill. 2009) (plaintiff's allegation in complaint that he suffered severe, continuing, progressive or permanent injuries to his "right shoulder, a right scapular fracture, torn labrum, and AC joint injury, injury to his back, collarbone, head and neck, and to the

bones, muscles, and tissues attached or related thereto," along with pain, suffering, past and future medical expenses and permanent disability not enough to show jurisdictional amount was met); *Tooley v. Washington Group Intern.*, 2009 WL 102926, *5 (C.D. Ill. 2009) (although plaintiff's allegations of traumatic brain injury, fractured left humerus and thoracic spine fractures, scalp and left scapula lacerations, nondisplaced skull fracture and open fracture of left index finger were "somewhat detailed when compared to the descriptions of injuries in some other complaints," allegations alone were not sufficient basis from which defendant could have been expected to accurately estimate plaintiff's medical bills).  With all respect to the courts' decisions in these cases, they do not seem to reflect accurately the amount of compensatory damages a reasonable attorney would associate with injuries of the sort claimed.[2]

In the instant case, defendant had enough information from plaintiff's complaint to form a reasonable belief that removal would be possible.  If defendant wanted confirmation, defendant could have contacted plaintiff's lawyer and to request additional information about the nature of plaintiff's injuries.  But waiting until eight weeks after service of the complaint for a formal settlement demand letter was too long.  Because defendant failed to act promptly after receipt of a complaint that would have alerted a reasonable lawyer to the possibility of removal, its notice of removal was untimely under § 1446(b).  Accordingly, this case must be remanded to the Circuit Court for Dane County, Wisconsin.

---

[2]

For less authoritative but equally illuminating examples, *see, e.g.*, www.totalinjury.com/news/verdicts/slip-and-fall-injury.aspx#verdict14 (glossing recent slip-and-fall verdicts and settlements ranging from $70,000 to $12.2 million).  This website does not detail what allegations or demands plaintiffs made in their complaints, but it does demonstrate that even apparently straightforward slip-and-fall cases usually involve dollar amounts exceeding Section 1332(a)'s threshold.

ORDER

IT IS ORDERED  THAT the motion of plaintiffs Richard and Christine Freeland for remand (dkt. 6) is GRANTED.  This case is REMANDED to the Circuit Court for Dane County, Wisconsin.  The clerk of court is directed to transmit the record promptly to the Circuit Court for Dane County.


Entered this 15th day of May, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge